# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-5275 PA (JEMx) | Date | July 7, 2011 |
|---|---|---|---|
| Title | Jason Scheff, et al. v. Althea Ledford, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Althea Ledford and Tochukwu Ofojebe (collectively "Defendants") on June 23, 2011 and an Amended Notice of Removal filed on July 6, 2011. Plaintiffs Jason Scheff and Tracy L. Scheff's (collectively "Plaintiffs") Complaint, filed in Ventura County Superior Court, assert a single cause of action under state law for unlawful detainer. Defendants, who are appearing pro se, assert that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Defendants also appear to invoke diversity jurisdiction under 28 U.S.C. § 1332, alleging that removal is proper because the action "arises under an underlying contract between parties residing in multiple states." (Notice of Removal, p. 2; Amended Notice of Removal, p. 4.)

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5275 PA (JEMx) | Date | July 7, 2011 |
|---|---|---|---|
| Title | Jason Scheff, et al. v. Althea Ledford, et al. | | |

federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

      Here, the Complaint contains a single cause of action under state law for unlawful detainer. No federal claim is alleged. Further, Defendants do not allege that the Complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law. Defendants have thus failed to demonstrate that this Court has federal question jurisdiction over this action.

      In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

      While the Amended Notice of Removal alleges that Plaintiffs are citizens of Tennessee and that defendant Ledford is a citizen of California, neither the Notice of Removal nor the Amended Notice of Removal alleges the citizenship of defendant Ofojebe. Instead, Defendants merely allege that Ofojebe is a resident of California. Such allegations are insufficient to allege defendant Ofojebe's citizenship. Moreover, since defendant Ledford is a citizen of California, removal is barred under the "forum defendant rule," which "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006).

      The Notice of Removal and Amended Notice of Removal also fail to establish that the amount in controversy requirement is met. The caption of the Complaint states that Plaintiffs are seeking damages of less than $10,000.00. When a plaintiff has affirmatively pleaded an amount in controversy less than the jurisdictional threshold, the removing party must prove that the amount in controversy exceeds the jurisdictional threshold to a "legal certainty." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007) A court may not base its jurisdiction on speculation and conjecture. Id. at 1002. Rather, the removing defendant must submit "summary-judgment-type" evidence to support its claims of the amount in controversy. See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Defendants have not alleged that the amount in controversy exceeds $75,000.00, nor have they submitted any evidence to support the amount in controversy. Because Defendants have not adequately established complete diversity of citizenship or that the amount in controversy requirement is met, the Court cannot find that there is diversity jurisdiction over this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5275 PA (JEMx) | Date | July 7, 2011 |
|---|---|---|---|
| Title | Jason Scheff, et al. v. Althea Ledford, et al. | | |

Finally, the Court notes that Defendants' removal is untimely. "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). "[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint." Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998); 28 U.S.C. § 1446(b). Failure to comply with the statutory time limit bars removal. See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982). As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of its removal and "[s]everal courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant." Roberson v. Orkin Exterminating Co., 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (citations omitted). Defendants allege they were served with the Complaint on May 9, 2011. However, the original Notice of Removal was not filed until June 23, 2011, more than thirty days after service. As such, removal is barred as untimely.

For the foregoing reasons, Defendants have failed to meet their burden of showing that this Court has jurisdiction over this action. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Ventura County Superior Court, Case No. 56-2011-00396395-CL-UD-SIM. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.